UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL WASGATT,<br>   Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, and<br>GLENN T. SHAPIRO,<br>   Defendants. | Civil Action No. 4:20-cv-40118 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff Paul Wasgatt ("Plaintiff") respectfully submits his memorandum of law in support of his motion for entry of a preliminary injunction order with respect to defendant Allstate Insurance Company ("Allstate").

**I.     INTRODUCTION**

Concurrent herewith, Plaintiff seeks to file a second amended complaint, a copy of which is attached hereto and marked as Exhibit "4". The purpose for amending the complaint is Plaintiff recently learned that Allstate is misappropriating his likeness and name to advertise and solicit Plaintiff's customers and the public at large. In doing so, Allstate is misleading the public, particularly the present and potential customers of Plaintiff, as to the source of the services and goods marketed by Allstate. Allstate is using e-mails with Plaintiff's likeness and name that create the false appearance that the e-mails are generated by Plaintiff, when in fact the source of the e-mails is Allstate. Plaintiff never authorized or permitted Allstate to use his name or likeness to sell or advertise Allstate insurance products or to suggest in any manner that he endorses Allstate or its products.

1

## II.      BACKGROUND FACTS

Plaintiff works in the area of Worcester, Massachusetts, where he grew up. Plaintiff's customers, as well as potential customers, know him by name, face and reputation, and he has developed a well-known, positive reputation in and around Worcester, Massachusetts.[1]

Since having his employment terminated with Allstate, Plaintiff has been running his own, independent insurance agency.[2] As part of the marketing and advertising of his current agency, Plaintiff uses his likeness and name, including pictures.[3] Following his termination from Allstate, Allstate misappropriated Plaintiff's picture and name to market its auto and homeowner's insurance by using Plaintiff's picture and name on e-mails it sends to Plaintiff's customers and potential customers soliciting them to purchase insurance from Allstate.[4] In misappropriating the likeness and name of Plaintiff in the advertising and marketing its products, Allstate is able to directly solicit and advertise to Plaintiff's customers and potential customers.[5]

By way of these e-mails, Allstate has deceived Plaintiff's customers and potential customers, as well as the public at large, into falsely thinking and believing that Plaintiff was personally reaching out to them to sell Allstate auto and home insurance products when in fact it was Allstate who was reaching out and soliciting their business under false pretenses.[6] At no time has Allstate requested to use, nor did Plaintiff authorize or consent to Allstate using, his likeness or name in the marketing of its products, including in e-mails.[7] On the contrary, Plaintiff is no

---

[1] Affidavit of Paul Wasgatt ("Aff. Wasgatt") at ¶¶1-2, attached hereto and marked as Exhibit "3".
[2] Aff. Wasgatt ¶3.
[3] Aff. Wasgatt ¶4.
[4] Aff. Wasgatt ¶5.
[5] Aff. Wasgatt ¶5, 7-9.
[6] Aff. Wasgatt ¶¶7-9.
[7] Aff. Wasgatt ¶¶6 and 11.

longer employed by or associated with Allstate and desires to have no association with Allstate because of its unlawful insurance practices.[8]

On December 9, 2020 Plaintiff's counsel sent Allstate's counsel a cease-and-desist letter identifying the misappropriation of Plaintiff's name and likeness, along with attaching copies of the e-mails sent out by Allstate to Plaintiff's customers and prospective customers containing Plaintiff's name and picture purporting to be from Plaintiff.[9]  In the December 9th letter, Plaintiff requested that Allstate identify what legal right it believed it had to use Plaintiff's likeness and name in its marketing and advertising.

On December 18, 2020 Allstate tersely responded to the December 9th cease-and-desist letter and did not deny its wrongdoing in misappropriating Plaintiff's likeness and name and nor did Allstate present or offer a legal basis entitling it to use Plaintiff's name and likeness in its marketing and advertising.[10]  Nor has Allstate represented or otherwise stated that it has cease using Plaintiff's name or likeness.

Absent injunctive relief, Allstate will continue to misappropriate Plaintiff's likeness and name to mislead Plaintiff's customers, potential customers and the public at large as to Plaintiff's involvement and association with Allstate.

### III.     THE LAW WITH REGARDS TO MISAPPROPRIATION OF LIKENESS AND NAME

It is well recognized that "[i]n Massachusetts the right of publicity is protected statutorily by *Mass. Gen. Laws Ann*. Ch. 214, § 3A."  Bi-Rite Enterprises, Inc. v. Bruce Miner Poster Co.,

---

[8] Aff. Wasgatt ¶10.
[9] Attached hereto and marked as Exhibit "1" is a true and correct copy of Plaintiff's December 9, 2020 cease-and-desist letter.
[10] Attached hereto and marked as Exhibit "2" is a true and correct coy of Allstate's December 18, 2020 response.

616 F.Supp. 71, 74 (D. Mass. 1984).  In granting a plaintiff's request for a preliminary injunction, Judge Zobel in Bi-Rite went on to state:

> The Supreme Judicial Court has said that the statute protects 'the interest in not having commercial value of one's name, portrait or picture appropriated to the benefit of another. Tropeano v. Atlantic Monthly Co., 379 Mass. 745, 400 N.E. 2d 847, 850 (1980). *Id.*

Chapter 214, section 3A states:

> Any person whose name, portrait or picture is used within the commonwealth for advertising purposes or for the purposes of trade without his written consent may bring a civil action in the superior court against the person so using his name, portrait or picture, to prevent and restrain the use thereof; and may recover damages for any injuries sustained by reason of such use.  If the defendant shall have knowingly used such person's name, portrait or picture in such manner as is prohibited or unlawful, the court, in its discretion, may award the plaintiff treble the amount of the damages sustained by him.  Nothing in this section shall be so construed as to prevent any person practicing the profession of photography from exhibiting in or about his or its establishment specimens of the work of such person or establishment, unless the exhibiting of any such specimen is continued after written notice objecting thereto has been given by the person portrayed; and nothing in this section shall be so construed as to prevent any person from using the name, portrait or picture of any manufacturer or dealer in connection with the goods, wares and merchandise manufactured, produced or dealt in by such manufacturer or dealer which such person has sold or disposed of with such name, portrait or picture used in connection therewith; or from using the name, portrait or picture of any author, composer or artist in connection with any literary, musical or artistic production of such author, composer or artist which such person has sold or disposed of with such name, portrait or picture used in connection therewith.

In determining whether there was a misappropriation of likeness, the Massachusetts Appellate Court, in addition to relying on Chapter 214, has looked to the Restatement (Second) of Torts § 652C: "the common form that a violation of this interest takes 'is the appropriation and use of the plaintiff's name or likeness to advertise the defendant's business or product, or for some similar commercial purpose.'"  Shepard's Pharmacy v. Stop & Shop Cos., 37 Mass. App. Ct. 516, 523 (1994).

In Shepard's Pharmacy the Appellate Court upheld the trial court's finding that there was an invasion of privacy when Stop & Shop used the picture and name of the plaintiff to advertise to plaintiff's customers to use the Stop & Shop pharmacy. Stop & Shop used the plaintiff's name and picture in this manner after the parties' negotiations for the purchase the plaintiff's pharmacy by Stop & Shop collapsed.

In finding that there was a claim for the misappropriation of likeness, the Appellate Court relied on Chapter 214, section 1B, which states:

> A person shall have a right against unreasonable, substantial or serious interference with his privacy. The superior court shall have jurisdiction in equity to enforce such right and in connection therewith to award damages.

In the present case, Allstate has misappropriated Plaintiff's name and likeness, without permission or consent of Plaintiff, to advertise its insurance products. When confronted with its misappropriation and asked to (i) offer an explanation as to why Allstate had the right to use Plaintiff's name and likeness, and (ii) to cease using his name and likeness.

**IV.   STANDARD FOR GRANTING A PRELIMINARY INJUNCTION**

Plaintiff is entitled to injunctive relief. The standard is well established that "[a] district court may issue a temporary restraining order and/or preliminary injunction only upon considering: '(1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions; and (4) the effect (if any) of the court's ruling on the public interest.'" EF Cultural Travel BV v. Explorica, Inc., 274 F.3d 577, 581 (1st Cir. 2001) (*quoting* Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996)). Likelihood of success is the touchstone of the preliminary injunction inquiry. Philip Morris, Inc. v. Harshbarger, 159 F.3d 670, 674 (1st Cir. 1998). That said, the Court "need not predict the

5

eventual outcome on the merits with absolute assurance." Ross-Simons, 102 F.3d at 16.  Plaintiff easily meets these requirements.

### A.     Plaintiff's Likelihood of Prevailing on the Merits

Of the four (4) prongs of the standard, probability of success is by far the most important. Swarovski Aktiengesellschaft v. Building 19, Inc., 704 F.3d 44, 48 (1st Cir. 2013) (success on the merits is the "cynosure" of the four-part test);  Esso Standard Oil Co. (Puerto Rico) v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) ("If the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity") (quoting New Comm. Wireless Servs., Inc. v. SprintCom., Inc., 287 F.3d 1, 9 (1st Cir. 2002)); Waldron v. George Weston Bakeries, Inc., 570 F.3d 5, 9 (1st Cir. 2009); EEOC v. Astra USA, Inc., 94 F.3d. 738, 743 (1st Cir. 1996) ("when the likelihood of success on the merits is great, a movant can show somewhat less in the way of irreparable harm and still garner preliminary injunctive relief").

Plaintiff is likely to prevail on his claim for misappropriation of likeness.  Allstate is using Plaintiff's likeness and name to promote and sell its insurance products without Plaintiff's permission and when confronted with documented evidence of the misappropriation, Allstate did not deny the misappropriation.  Nor did Allstate provide a legal justification allowing it to do so when requested by Plaintiff's counsel to provide such a justification.

Moreover, the preliminary injunctive relief sought is narrowly drawn and designed to preclude Allstate from continuing to use Plaintiff's likeness and name.

### B.     Irreparable Harm

Plaintiff will be irreparably harmed if Allstate is permitted to continue to misappropriate his name and likeness.  Plaintiff's likeness and name are one of a kind not easily compensable. Allstate's continued misappropriation and use of Plaintiff's name and likeness will cause Plaintiff

immeasurable damage.  Moreover, the use of his likeness and name by Allstate as an endorsement of its product(s) is an endorsement that Plaintiff finds abhorrent -- it is a company that Plaintiff for years cajoled and sought to persuade to comply with the laws of the Commonwealth of Massachusetts and to cease defrauding consumers.  It is clear that Allstate has no intention of correcting its fraudulent practices and Plaintiff does not wish to be seen as endorsing Allstate or its products in any fashion.  *See* K-Mart Corp. v. Oriental Plaza, Inc., 875 F.2d 907, 915 (1st Cir. 1989) (irreparable harm is found when damages are difficult to calculate); K-Mart Corp. v. Oriental Plaza, Inc., 875 F.2d at 915 (an invasion of legal rights that is continuing and forecast to continue long into the future is likely to warrant injunctive relief).

    **C.**    **Balance of Equities**

The balance of equities favor Plaintiff.  There will be no legitimate harm to Allstate in ordering it to comply with the laws by ceasing to mislead the public as to the source of the services and products, as well as to whether Plaintiff endorses Allstate.  Each day that Allstate continues to use Plaintiff's likeness and name, is another day that Plaintiff is harmed, harm that may never be cured.

    **D.**    **Public Interest**

There is a strong public interest in the present action to stop Allstate to from continuing to mislead the public at large into falsely believing that Plaintiff is providing the insurance products that Allstate in fact is providing, that Plaintiff is still associated with Allstate, when he is not; and to falsely portray Plaintiff as endorsing Allstate and its products. Allstate's deceptive advertising violates section 43(a) of the Lanham Act, codified at 15 U.S.C. §1125(a),[11] which prohibits Allstate from using false, misleading, or deceptive representations of fact that misrepresent the

---

[11] This is the sixth cause of action contained in Plaintiff's second amended complaint.

nature, character or qualities of its services.  As such, the granting of the requested preliminary injunction benefits the public at large, as well as Plaintiff.

## V. CERTIFICATION OF RULE 7.1(a)(2)

The parties conferred with regards to the present motion as well as Plaintiff's motion to amend the complaint and were unable to resolve or narrow the issues.

## VI. CONCLUSION

**WHEREFORE**, Plaintiff Paul Wasgatt respectfully requests that this Court:

1. Enjoin and restrain Allstate from further using Plaintiff's name or likeness in the sale, promotion, marketing and advertising of its products or services;

2. Enjoin and restrain Allstate from suggesting or representing to the public that Plaintiff endorses Allstate or any of its products or services;

3. Enjoin and restrain Allstate from suggesting or representing to the public that Plaintiff is associated with Allstate or any of its products or services;

4. Order that Allstate within twenty (20) days of the Court's issuing its order granting Plaintiff's request for injunctive relief (i) identify all persons to whom Allstate sent an e-mail or other marketing or advertising materials that contained Plaintiff's likeness or name, and (ii) provide Plaintiff's counsel with copies of all of those communications and materials; and

5. Award Plaintiff such other relief as the Court may deem just and proper.

**DATED:**     January 29, 2021                    PLAINTIFF/COUNTERCLAIM DEFENDANT,
                                                  PAUL WASGATT,
                                                  By His Attorney,


                                                  /s/ Timothy K. Cutler
                                                  Timothy K. Cutler (BBO# 636124)
                                                  CUTLER & WILENSKY LLP
                                                  460 Totten Pond Road, Suite 410
                                                  Waltham, Massachusetts 02451
                                                  (617) 232-7500 Telephone
                                                  (617) 232-7560 Facsimile
                                                  tim@cutlerlegal.com

CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 29, 2021.

/s/ Timothy K. Cutler
Timothy K. Cutler