UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL WASGATT,<br>    Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, and<br>GLENN T. SHAPIRO,<br>    Defendants. | Civil Action No. 4:20-cv-40118 |

**JOINT STATEMENT OF THE PARTIES PURSUANT TO LOCAL RULE 16.1(D)**

As per Fed. R. Civ. P. 26(f) and Local Rule 16.1(D) plaintiff/counterclaim defendant Paul Wasgatt, defendant/counterclaimant Allstate Insurance Company ("Allstate") and defendant Glenn T. Shapiro hereby certify that they have conferred concerning, among other things: the nature and basis of their claims and defenses, the possibility of settlement, and a proposed pretrial schedule for this case, including a plan for discovery.

I. **Proposed Joint Discovery Plan**

Plaintiff and Defendants propose the following joint discovery plan:

1. **Initial Disclosures.** Initial disclosures required by Fed.R.Civ.P. 26(a)(1) must be completed by March 26, 2021.

2. **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after May 31, 2021.

3. **Fact Discovery – Interim Deadlines.**

    a. All requests for production of documents and interrogatories must be served by October 31, 2021.

    b. All requests for admission must be served by October 31, 2021.

    c. All depositions, other than expert depositions, must be completed by December 31, 2021.

4. **Fact Discovery – Final Deadline.** All discovery, other than expert discovery, must be completed by December 31, 2021.

5. **Status Conference:** A status conference will be held on January 11, 2022.

6. **Expert Discovery.**

    a. Plaintiff's trial experts must be designated, and the information contemplated by Fed.R.Civ.P. 26(a)(2) must be disclosed, by January 28, 2022.

    b. Plaintiff's trial experts must be deposed by February 25, 2022.

    c. Defendants' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by February 25, 2022.

    d. Defendants' trial experts must be deposed by March 31, 2022.

7. **Dispositive Motions.**

    a. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings must be filed by April 29, 2022.

    b. Oppositions to dispositive motions must be filed within 30 days after service of the motion.

8. **Initial Pretrial Conference**. An initial pretrial conference will be held on or about_____ at 2 p.m. The parties shall prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(D) five business days prior to the date of the conference, except that the parties need not include matters required by Local Rule 16.5(D)(2) or (3).

II. **Trial by Magistrate Judge**

Plaintiff and Defendants do not consent to trial by a magistrate judge.

III. **Modification of the Pretrial Schedule**

All dates set forth herein may be modified for good cause shown by the Court's order on motion by a party.

IV. **Mediation**

The parties will seek to schedule a mediation toward the conclusion of fact discovery.

## V. Protective Order

Defendants have requested a Confidentiality and Protective Order. Plaintiff is currently reviewing Defendants' request for a Confidentiality Order.

## VI. Local Rule 16(D)(3) Certification

Counsel will file the certifications required by Local Rule 16.1(d)(3) separately from this Joint Statement.

## VII. Settlement Demand

The Plaintiff has provided a written settlement proposal to all Defendants as required by Local Rule 16.1(c). Defendants have rejected that offer. Settlement does not appear likely at this time. However, the parties remain open to the possibility of discussing the settlement at some point prior to trial.

## VIII. Procedural Provisions

1. Extension of Deadlines. Motions to extend or modify deadlines will be granted only for good cause shown. All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.

2. Motions to Compel or Prevent Discovery. Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the court after the relevant deadline has passed, the court may enter such additional orders relating to discovery as may be appropriate.

3. Reply Memoranda. Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed twelve pages, double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum. Parties may otherwise file reply or surreply memoranda only with leave of court. When such leave is

sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

4. Status Conferences.  The court has scheduled a status conference after (or close to) the close of fact discovery for case management purposes.  Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the court upon reasonable notice to opposing counsel.

5. Additional Conferences.  Upon request of counsel, or at the court's own initiative, additional case-management or status conferences may be scheduled. Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

6. Early Resolution of Issues.  The court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case.  Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

7. Pretrial Conference.  Lead trial counsel are required to attend any pretrial conference.

DATED: February 23, 2021                    RESPECTFULLY SUBMITTED,

PLAINTIFF,                                  DEFENDANTS,
By his Attorney,                            By their Attorneys,


/s/ Timothy K. Cutler_____         /s/ Brian M. Casaceli_____
Timothy K. Cutler (BBO# 636124)             Richard C. Van Nostrand (BBO# 507900)
CUTLER & WILENSKY LLP                       Brian M. Casaceli (BBO# 690580)
460 Totten Pond Road, Suite 410             Mirick, O'Connell, DeMallie & Lougee LLP
Waltham, Massachusetts 02451                1800 West Park Drive, Suite 400
(617) 232-7500 Telephone                    Westborough, MA 01581
(617) 232-7560 Facsimile                    rvannostrand@mirickoconnell.com
tim@cutlerlegal.com                         bcasaceli@mirickoconnell.com
                                            Telephone (508) 860-1453
                                            Facsimile (508) 207-9347

/s/ Robert G. Lian, Jr.
Robert G. Lian, Jr. (*pro hac vice*)
Katherine I. Heise (*pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
2001 K Street N.W.
Washington DC 20006
blian@akingump.com
kheise@akingump.com
Telephone (202) 887-4000
Facsimile (202) 887-4288

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 23, 2021.

/s/ Brian M. Casaceli
Brian M. Casaceli